UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AUGUSTINE R. RIZZO, 03-B-0218,

                Petitioner,

v.

DAVID ROCK, SUPERINTENDENT,

                Respondent.

_____

**REPORT AND
RECOMMENDATION**

08-CV-0269(A)(M)

        Petitioner Augustine R. Rizzo, an inmate acting *pro se*, filed a petition under 28

U.S.C. §2254 for a writ of habeas corpus on April 2, 2008 (Dkt. #1).  On February 8, 2008, Hon.

Richard J. Arcara  referred the matter to me pursuant to 28 U.S.C. §636(b)(1), for all proceedings

necessary to determine the factual and legal issues presented and for preparation of a Report and

Recommendation (Dkt. #8).   For the following reasons, I recommend that the petition be

DENIED.

### BACKGROUND

        On October 2, 2001, petitioner was charged in a 16 count indictment with various

sexual crimes (R7).[1]  Counts 12 through 16 of the indictment were severed from the remaining

counts (R15).  After a conference with the Niagara County Court, Hon. Sara S. Sperrazza, and

counsel, on March 27, 2002 petitioner pled guilty to attempted sodomy in the first degree and

---

[1]     "R" refers to the Record on Appeal filed with the Appellate Division.  In addition to the
Record on Appeal, respondent has provided the appellate briefs and petitioner's counsel's letter to the
Court of Appeals requesting leave to appeal.

sodomy in the second degree in satisfactory of all counts of the indictment (R27). At the time of

the plea, Judge Sperrazza advised petitioner that "this court has made a commitment that the

sentence will be to State prison but not more then seven years" (R25). The prosecutor, also noted

that the plea was

> "contingent upon the understanding that the People reserve the
> right to present whatever evidence in the way of statement from
> victims and/or argument which we are entitled to present at the
> time of sentencing and we are not participating in nor do we agree
> to, although we certainly acknowledge that the sentencing is the
> Court's decision and that the Court has every right to participate in
> or agree to a sentence commitment at this time; that if that is done,
> Judge, it is done without the request of acquiescence of the People"
> (R16).

Prior to petitioner's scheduled sentencing, the prosecutor submitted a sentencing

memorandum "to urge the Court to reconsider its sentencing commitment to the defendant" and

requesting that the court impose a sentence not less than 15 years incarceration (R30). On

May 8, 2002, Judge Sperrazza advised the parties that she was withdrawing her commitment to

cap petitioner's sentence at seven years because she had "re-thought her position and [was] vastly

too uncomfortable at the thought of capping the sentence at seven years" (R36-37). Judge

Sperrazza also conceded that the sentencing commitment was made without the benefit of a

presentence report (R36, 79). Petitioner was afforded the opportunity to withdraw his plea

(R37).

On June 27, 2002 petitioner moved for specific performance of the plea agreement

(R40). Judge Sperrazza denied the motion, noting that she never specified that the sentencing

commitment was unconditional and that she "was not given the full information by the parties at

the time that the commitment was entered into" (R59-60).  Petitioner was given the option to proceed with the sentencing or to withdraw the plea and proceed to trial (R62).

Electing to withdraw his plea, petitioner proceeded to trial on counts 12 through 16 of the indictment and was convicted in September 2002 of attempted rape in the first degree, attempted rape in the third degree, sodomy in the first degree, sodomy in the second degree and endangering the welfare of a child (R65; Dkt. #4, Respondent's Memorandum of Law, p. 2). Thereafter, the remaining counts of the indictment were resolved via plea, and on November 21, 2002 and petitioner was sentenced on all convictions to a cumulative term of up to 30 years incarceration (Dkt. #4, Respondent's Memorandum of Law, p. 2; R84).

In his direct appeal to the New York State Supreme Court, Appellate Division, petitioner argued, *inter alia*, that the court's refusal to adhere to its sentencing commitment forced vacatur of the plea in violation of petitioner's double jeopardy rights.  The Appellate Division affirmed the judgment of conviction without an opinion. See People v. Rizzo, 24 A.D.3d 1273 (4th Dept. 2005) (citing People v. Langworthy, 1 A.D.3d 1013 (4th Dept. 2003), lv. denied, 2 N.Y.3d 763 (2004)).  Petitioner then filed a letter brief (attaching the briefs filed with the Appellate Division) with the New York State Court of Appeals, seeking leave to appeal by arguing, *inter alia*, that the court violated his constitutional rights against double jeopardy (See Angelo Musitano, Esq.'s February 1, 2007 letter to the Court of Appeals).  However, this motion was denied. See 28 N.Y.3d 990 (2007).

Petitioner's habeas petition alleges that his conviction was obtained in violation of his rights against double jeopardy  and due process rights (Dkt. #1, p. 7). He seeks "specific performance of the pleas that were denied by the State Courts" (Id., p. 22). Because the time

-3-

"petitioner has spent incarcerated has exceeded his release date under the terms of those pleas",

he requests an order that he immediately be released from State custody (Id.).

## DISCUSSION AND ANALYSIS

### A.      Exhaustion and Procedural Default

A petitioner must exhaust all available state remedies, either on direct appeal or

through a collateral attack on his conviction, before seeking habeas relief in federal court.   28

U.S.C. §2254(b); Bossett v. Walker, 41 F. 3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S.

1054 (1995).  To exhaust state remedies, "the petitioner must apprise the highest state court of

both the factual and legal premises of the federal claims ultimately asserted in the habeas

petition." Galdamez v. Keane, 394 F. 3d 68, 73 (2d Cir. 2005), cert. denied, 544 U.S. 1025

(2005).

Respondent concedes that petitioner's claims have been exhausted (Dkt. #3,

Respondent's Answer, ¶6).  I agree.   As discussed supra, petitioner adequately called to the state

courts' attention the federal nature of his claim. See Daye v. Attorney General of the State of

New York, 696 F. 2d 186, 192 (2d Cir. 1982)(en banc), cert. denied, 464 U.S. 1048 (1984)

("Even absent a reference to 'book and verse' of the Constitution, the state court will have notice

of the constitutional nature of a claim if, for example, the defendant relies on federal

constitutional precedents").  Although petitioner did not file a separate motion for leave to appeal

to the Court of Appeals, his counsel's letter requesting leave to appeal and attaching the relevant

Appellate Division briefs was sufficient. See Galdamez, supra, 394 F. 3d 76-77.

**B.      Standard of Review**

A habeas corpus petition may not be granted with respect to any claim that was

adjudicated on the merits in state court unless the state court's adjudication of that claim:

> "(1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding." 28 U.S.C. §2254(d).

"A determination of a factual issue made by a State court shall be presumed to be correct", unless

the petitioner rebuts this presumption by "clear and convincing evidence". 28 U.S.C.

§2254(e)(1).

I will now analyze petitioner's claims in light of these principles.


**C.      Were Petitioner's Fifth Amendment Rights Against Double Jeopardy Violated?**

The double jeopardy clause of the Fifth Amendment of the United States

Constitution "protects against a second prosecution for the same offense after acquittal. It

protects against a second prosecution for the same offense after conviction. And it protects

against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717

(1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794 (1989).  Petitioner's claim

is predicated on the second of these three protections; he contends that jeopardy attached when

the court accepted his guilty plea and that he accordingly could not be tried again for that same

offense.

"A threshold requirement before the double jeopardy clause can be interposed successfully is that the initial proceeding at issue be the *type* in which jeopardy can attach." Lockett v. Montemango, 784 F. 2d 78, 82, cert. denied, 479 U.S. 832 (1986) (emphasis in original). "The Supreme Court has long held that a guilty plea constitutes a conviction." Morris v. Reynolds, 264 F.3d 38, 48 (2d Cir. 2001), cert. denied, 536 U.S. 915 (2002). Therefore, "as a general rule, jeopardy attaches in a criminal case at the time the district court accepts the defendant's guilty plea." United States v. Aliotta, 199 F.3d 78, 83 (2d Cir. 1999); see United States v. Olmeda, 461 F.3d 271, 279 (2d Cir. 2006) ("double jeopardy clearly prohibits a second prosecution for same offense following a guilty plea").

However, "jeopardy attaches to plea convictions only when the guilty plea is accepted *unconditionally* by the court." Matthews v. Keane, 1995 WL 459251, *3 (S.D.N.Y. 1995) (emphasis added) (citing United States v. Sanchez, 609 F.2d 761 (5th Cir. 1980); see United States v. Henriquez, 731 F.2d 131, 136 (2d Cir. 1984) (finding argument that double jeopardy attached to be "unavailing since this was, after all, a conditional guilty plea"); United States v. Baggett, 901 F.2d 1546, 1548 (11th Cir. 1990) ("jeopardy normally attaches when the court unconditionally accepts a guilty plea"), cert. denied, 498 U.S. 862 (1990).

Judge Sperrazza did not expressly make her acceptance of the plea conditional upon her receipt of a presentence report (see R36, 84 (showing that the pre-sentence report was received on May 2, 2002)). However, "the legislature of New York has, by statute, denied trial judges the authority to make any unconditional sentence promises to a defendant convicted of a felony before a pre-sentence investigation has been conducted and the court has received a written report." United States of America ex rel. Selikoff v. Commissioner of Correction of the

State of New York, 524 F.2d 650, 653 (2d Cir. 1975), cert. denied, 425 U.S. 951 (1976) (citing

N.Y. Crim. Pro. L. §390.20(1)). Judge Sperrazza "was thus precluded, as a matter of law, from

making any unconditional promise to [the defendant] at the time his guilty pleas were accepted

by the    court. . . . Implicitly, then, the court conditioned any promises on the accuracy of the

information before it and reserved final determination of sentence until the pre-sentence report

was received" Id.

Because the plea was implicitly conditioned upon Judge Sperrazza's review of the

pre-sentence report, I find that jeopardy did not attach to the plea. See Matthews, supra.

Therefore, there was no double jeopardy violation.


**D.      Were Petitioner's Due Process Rights Under the Fourteenth Amendment Violated?**

"Because a defendant pleading guilty pursuant to a plea agreement waives a

number of fundamental constitutional rights, the circumstances surrounding the plea agreement

must comport with due process to ensure defendant's understanding of its consequences." Spence

v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 167 (2d Cir. 2000).

However, even "if [petitioner's] plea[ ]  was in any way induced by  reliance on [Judge

Sperrazza's sentencing commitment], the opportunity to replead fully remedied any due process

deprivations stemming from such inducement." United States of America ex rel. Selikoff, supra,

524 F. 2d at 653-654.[2]

---

[2]      Having concluded that there was no constitutional violation, I need not reach the
question of whether petitioner is entitled to specific performance of the Judge Sperrazza's sentencing
commitment.

**CONCLUSION**

For these reasons, I recommend that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be DENIED.  Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I also recommend that  a Certificate of Appealability not be issued.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with</u>

<u>the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning</u>

<u>objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's</u>

<u>refusal to consider the objection.</u>

**SO ORDERED.**

DATED:     December 12, 2008

JEREMIAH J. MCCARTHY
United States Magistrate Judge